Sathena A. WEST; Tyrell West, a minor, by Sathena A. West, as next friend; and Ciera M. West, a minor, by Cynthia West, as next friend, Plaintiffs–Appellants,

v.

Margaret L. DUNCAN, Mayor, et al., Defendants–Appellees.

No. 02–3069.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2003.

Robert O. Garnett, Shaker Heights, OH, for Plaintiff–Appellant.

Frederick P. Vergon, Jr., Smith, Marshall, Weaver & Vergon, Cleveland, OH, for Defendant–Appellee.

Before BOGGS and SILER, Circuit Judges; and RICE, Chief District Judge.*

SILER, Circuit Judge.

Plaintiffs, Sathena West, her son, Tyrell West, and her sister, Ciera West, appeal the grant of summary judgment to the defendants, Mayor Margaret L. Duncan, Chief of Police Gerald Dietrich, and police officers Scott Garan, Robert Hagquist, and Michael Wadlington, all officials of the city of Aurora, Ohio. For the following reasons, we affirm.

## BACKGROUND

On February 3, 2001, Sergeant Garan of the Aurora Police Department stopped a vehicle owned by Sathena West. West was a passenger in the vehicle, which was driven by a male friend, Pierre Jackson. West's sister, a minor, was also in the car, as were West's two minor children. Prior to the stop, West and her party had been shopping in an Aurora shopping center. Garan asserts that he was pulling into the parking lot of the shopping center as the West party was exiting it and that he noticed that their vehicle lacked a front license plate. Upon stopping the car, Garan asked Jackson, the driver, for his driver's license. Jackson did not produce a license, but gave some personal information which allowed the officer to run a check on him, revealing that he had an

---

* The Honorable Walter Herbert Rice, Chief Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

outstanding felony warrant for his arrest. A check on West's license revealed that her driving privileges had been suspended.[1]

West recounts that she was asked whether there was another licensed driver available to drive the car. As Jackson was under arrest and West's license was suspended, the officers had the vehicle towed. The defendants assert that, due to the decision to tow the vehicle, it was necessary to perform an inventory search. Officers Wadlington and Hagquist put the plaintiffs into their cruisers and transported them to the police station. The officers contend that West "accepted the invitation to ride in the police vehicle and consented to a search of her purse and person so she would be permitted in the police cruiser."

The plaintiffs' original complaint alleged that their rights had been violated under 42 U.S.C. §§ 1981(c), 1983, and 1985(c), and named Mayor Margaret L. Duncan, Chief of Police Gerald Dietrich, one "Jane Doe" and three "John Doe" Aurora police officers as defendants. The amended complaint, filed August 13, 2001, named officers Garan, Hagquist, and Wadlington, and reiterated "Jane Doe Police Officer # 1" as a defendant. The trial court made certain rulings on matters of discovery and procedure, and ultimately granted summary judgment to the defendants and dismissed the action.

## STANDARD OF REVIEW

"[I]t is well established that the scope of discovery is within the sound discretion of the trial court. Accordingly, we review discovery matters under an abuse of discretion standard." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.

1994) (internal quotation marks and citation omitted). Grants of summary judgment are reviewed *de novo*, and are considered appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997).

## DISCUSSION

### A. Discovery and Procedural Motions

#### 1. "Jane Doe" Police Officers

■ Of the numerous issues identified by the plaintiffs on appeal, a number of them concern their assertion that the order granting summary judgment to the defendants disposed of fewer than all claims against all parties, in violation of FRCP 54(b). Specifically, they assert that two "Jane Doe" female police officers were necessary parties to this action, and the information which would have allowed their joinder was not disclosed until seven days before the trial court ruled on summary judgment. The plaintiffs present a series of disparate arguments, challenging various rulings of the district court, leading up to the grant of summary judgment. The difficulty with engaging in any meaningful analysis of these claims is the plaintiffs' failure to provide any authority for their arguments, aside from rote invocation of the Federal Rules of Civil Procedure and the applicable local rules.

The essence of the plaintiffs' complaint regarding the "Jane Doe" defendants appears to be a challenge to the district court's discovery rulings. Here, the plaintiffs seem to hinge their case on discovery of Bernadette Moffett's address, which was the only piece of information not provided them until December 7, 2001.

---

**1.** The defendants state that, *prior* to pulling the West vehicle over, Garan had performed a LEADS computer search which showed that the driver's license of the vehicle's owner had been suspended.

Though they assert that, as of September 17, 2001, they had not discovered the "identity" of Jane Doe # 1, it is admitted that by August 14, 2001, the defendants had sent them a letter stating that the two female police officers who might have been involved were Bernadette Moffett and Kristie Harvey. The plaintiffs did not attempt to join either of these women as defendants until December 14, 2001. Without authority or meaningful argument in support of the plaintiffs' assertions, this court cannot say that the district judge abused his discretion in his various rulings. " '[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.' " *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)). Therefore, the plaintiffs are not entitled to relief on these claims.

### 2. Remaining Procedural or Discovery Issues

The remaining issues identified by the plaintiffs which fall under the discovery or procedural rubric are that the trial judge abused his discretion by: (1) allowing defendants to file their answers out of time and without a showing of excusable neglect, in violation of Fed. R. Civ. Proc. 6(b); and (2) giving the defendants twenty-three more days in which to identify their expert witness than was given the plaintiffs. The plaintiffs provide no significant authority or support for their arguments. We find no abuse of authority by the district court in making these rulings.

### B. Grant of Summary Judgment

The issues identified by the plaintiffs which challenge the district court's award of summary judgment are whether: (1) there were genuine issues of material fact which precluded the grant of summary judgment; (2) the trial judge impermissibly weighed the evidence in rendering his decision; (3) the conduct of the police officers alleged by plaintiffs was sufficient to defeat a claim of qualified immunity; and (4) the conduct attributed to the officer who initiated the stop of the West vehicle alleged the violation of a constitutional right. Unfortunately, the deficiencies which pervade the plaintiffs' discussion (or lack thereof) of the discovery and procedural issues extend to their arguments regarding the grant of summary judgment.

■ The district court rejected the plaintiffs' argument that Garan stopped their vehicle without probable cause. On appeal, they offer no reasoned argument regarding the constitutionality of the traffic stop, except to recount Sathena West's version of events, namely her assertion that Garan did not observe the front of her car until he had pulled them over. The plaintiffs do not address the district court's finding of probable cause, independent of the missing front license plate, due to the LEADS search performed by Garan prior to pulling them over. Their challenge falls before this court's recognition that "[t]he 'mere possibility' of a factual dispute is not enough" to avoid summary judgment. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 581–82 (6th Cir.1992).

■ The district court also rejected the plaintiffs' claim that the police conducted an unreasonable search of the vehicle. It noted Garan's averment that the search of the car was conducted pursuant to the Aurora Police Department's vehicle inventory policy, after it was decided that the car must be towed due to the unavailability of a licensed driver. Here, the plaintiffs'

bare assertion that the question of "when the search began" was a jury question is insufficient to overturn the district court's reasoning on this point. As to the search of West's person, the district court found it reasonable because she had told the police that she had some knives in her vehicle, so that her search prior to being transported in the police cruiser was necessary to protect the officers' safety. On review of this reasoning, it would seem that West's assertion that she was searched upon exiting the vehicle does contradict Garan's statement that her purse was searched (he does not mention a search of her person) only after she was offered, and accepted, a ride to the police station. Once again, however, the plaintiffs have provided virtually no discussion, argument, or authority for challenging this determination by the district court; indeed, it is difficult to ascertain whether they are even alleging an unconstitutional search of West's person on appeal.

■ Finally, the district court rejected the plaintiffs' allegation that racial discrimination led to their stop, search, and detention, finding that they had not met the burden of establishing a selective enforcement claim. The judge held that, "[i]n particular, they do not offer evidence satisfying the 'absolute requirement' of any selective enforcement claim—a showing 'that similarly situated persons outside her category were not prosecuted.'" Likewise, on appeal, the plaintiffs do not point to any such evidence, nor do they even mention the judge's finding with regard to their selective enforcement claim. Having found that no constitutional violation occurred, the district court did not reach the issue of the officers' qualified immunity. Once again, the plaintiffs' conclusory arguments here that "lying about how an officer came to make a vehicle stop" would either defeat a claim of qualified immunity

or create an issue of material fact are insufficient to overturn the district court's ruling.

AFFIRMED.